IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROMAN T.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:19-cv-00159 |
| ) | |
| ANDREW SAUL, Commissioner, Social ) | By:  Elizabeth K. Dillon |
| Security Administration, ) | United States District Judge |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Roman T. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his claim for Supplemental Security Income ("SSI") under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On March 19, 2020, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 18.) Roman filed a timely objection on April 2, 2020. (Dkt. No. 19, Pl.'s Obj.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

judgment, deny Roman's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report and recommendation.  (*See generally* R&R.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited.  Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].  Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (alterations in original) (citations omitted).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Roman T.'s Objections**

In his brief to the magistrate judge in support of summary judgment, Roman argued that the ALJ's assessment of his mental impairments was not supported by substantial evidence. Specifically, he argued that the ALJ failed to consider his limitations in concentration,

3

persistence and pace, understanding, remembering, applying information, or interacting with others (Mot. Summ. J. 13–14, Dkt. No. 12); did not define what he meant by "strict production rate or pace requirements" (*id*. at 18–20); and failed to address his ability to sustain work activity over the course of an eight-hour workday (*id*. at 20–21). Roman also argued that the ALJ failed to conduct a function-by-function analysis or make any findings regarding plaintiff's need to lie down during the day or his rate of absenteeism (*id.* at 22) and failed to explain how his residual functional capacity finding (RFC) addressed Roman's limitations in social interaction (*id.* at 21). Finally, Roman argued that the ALJ's assessment of Roman's testimony was not supported by substantial evidence. (*Id.* at 23).

Roman's objections to the magistrate judge's recommendation largely restate those arguments. (*See* Pl.'s Obj. 2 (arguing that the ALJ failed to define "strict production rate or pace requirements"); *id.* at 3–4 (discussing a conflict in evidence regarding Roman's ability to perform tasks on a sustained basis); *id.* at 5–6 (arguing that the R&R fails to make specific function-by-function findings regarding the effects of Roman's impairments); *id.* at 4–5 (contesting the magistrate judge's finding that the ALJ adequately explained how Roman's social limitations are addressed by the ALJ's RFC); *id.* at 6–7 (questioning whether the R&R sufficiently discussed the ALJ's assessment of Roman's subjective complaints).) The court will not address arguments, such as the foregoing, that were thoroughly explored by the magistrate judge.

The court will, however, address a few of the objections Roman raises. First, Roman asserts that the magistrate judge erred in concluding that his case is analogous to *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017). In *Sizemore*, the plaintiff asserted that the ALJ erred by recognizing that Sizemore had moderate difficulties with concentration, persistence, and pace,

4

but failing to account for this limitation.  But the Fourth Circuit disagreed, noting that medical evidence reflected that Sizemore was mentally capable of performing tasks on a sustained basis.  Two doctors found that, despite Sizemore's limitations, he could nonetheless sustain attention to perform certain tasks.  *Id.* at 80–81.

Roman argues that, unlike in *Sizemore*, the medical opinions here do not expressly state that despite Roman's moderate limitations in concentration, persistence, and pace, he was able to stay on task.  Similarly, citing *Dena B. v. Saul*, No. 7:18-cv-00141, 2019 WL 494554 (W.D. Va. Sept. 24, 2019), Roman distinguishes between performing work on a consistent basis and performing work on a sustained basis.  He asserts that the physicians in this case did not opine as to whether Roman could work on a sustained basis.

Here, the ALJ weighed the evidence before him and reviewed the medical records of Drs. Gardner, McClain, and Bockner.  Though they may not have expressly stated that Roman could stay on task for an eight-hour workday, their notes, along with other evidence in the record, adequately support the ALJ's findings.  Notably, Dr. Gardner clearly stated that Roman "is able to complete a normal work day or work week without interruptions resulting in [sic] his psychiatric condition."  (R. 403, Dkt. No. 8-1.)  Thus, despite Roman's limitations, Dr. Gardner nonetheless opined that he could complete a normal workday without interruptions.  Dr. Bockner added that Roman "would be able to perform competitive work" with limitations in social interaction. (R. 88.)  The ALJ gave Dr. Gardner's and Dr. Bockner's assessments significant weight.  After a review of the record, the court agrees with the magistrate judge that substantial evidence supports the ALJ's conclusions regarding Roman's RFC.

Roman next argues that the magistrate judge erred in concluding that Roman did not provide any specific arguments regarding the ALJ's assessment of his subjective complaints.  In

his motion for summary judgment, Roman noted only that "the ALJ'[s] assessment of plaintiff's impairments and RFC findings are not supported by substantial evidence and consequently, his conclusion that the evidence does not support plaintiff's allegations is not supported by substantial evidence." (Mot. Summ. J. 24.)  In other words, Roman apparently argued that the ALJ relied upon his own erroneous weighing of the evidence to determine that Roman's subjective allegations were not supported.  If the ALJ erred in reaching his conclusions as to Roman's limitations and RFC and those conclusions formed the basis of the ALJ's assessment of Roman's allegations, then that assessment must also be erroneous.

In raising this objection, Roman either ignores the rest of the magistrate judge's analysis or presumes that this court will reject the R&R.  To the contrary, the court finds the R&R to be well reasoned and the ALJ's decision to be supported by substantial evidence.  The ALJ clearly stated that Roman's "medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, [Roman's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the objective medical evidence and other evidence in the record." (R. 29.)  The ALJ then continued to discuss, weigh, and analyze the available medical evidence.  The ALJ's discussion was thorough and resulted in an RFC that, as noted above, is supported by substantial evidence.  Thus, the ALJ's assessment of Roman's subjective complaints as contrasting with the objective medical evidence is also supported by substantial evidence.

### III.  CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, this court will overrule Roman's objections and adopt the magistrate judge's recommendation.  The court

will therefore grant the Commissioner's motion for summary judgment and deny Roman's motion for summary judgment.

An appropriate order will be entered.

Entered: July 23, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

7